COLLINS PRATT *versus* EBENEZER SKOLFIELD *& al.*

RACHEL A. RICHARDSON *versus* EBENEZER SKOLFIELD *& al.*

A sheriff's deed of an equity of redemption is inoperative if the facts required by statute are not recited.

If the debt secured by mortgage has not been paid, the mortgagee has the right to the possession.

If it has been paid, the remedy is in chancery and not by action at law.

A widow is barred of dower in land conveyed by her husband before the marriage, though the deed has not been registered.

A widow is entitled to dower in an equity of redemption of a mortgage, but the land mortgaged must first be redeemed from the mortgage.

If the heir or person claiming under the husband shall redeem the mortgage, the widow shall repay her proportion of the money paid for the redemption.

THE parties, with the consent of the Court, agreed that these cases should be considered and argued together, as the same evidence, to a considerable extent, is applicable to both cases.

The case of Pratt *v.* Skolfield & al., is a WRIT OF ENTRY. Plea, general issue. The second case is for DOWER in the land of her former husband, John White. Plea, never seized during coverture, and brief statement that plaintiff did not demand her dower one month before suing out her writ, and that she was never joined in lawful matrimony with said John White.

Demandant introduced a deed of the demanded premises

from Charles W. Brown to John White, dated and acknowledged March 4, 1842, recorded Sept. 21, 1842.

Copy of writ, Collins Pratt *v.* John White, on which his real estate in Franklin county, and all right, title and interest therein, was attached July 1, 1845, in which case, judgment was recovered Oct. 3, 1845, and execution and levy recorded Jan. 20, 1856.

Collins Pratt proved the marriage of Rachel A. Richardson, in January, 1844, to John White, who died five or six years ago. And that the income of the premises was worth forty dollars per year.

William W. Mitchell deposed that, on the 4th day of Sept. 1855, as agent of Rachel A. Richardson, and at her request, he demanded of defendants, and in sight of the premises described in her writ, her dower therein, and the assignment thereof, which they refused to assign.

The tenants introduced mortgage deed of demanded premises, from John White to Samuel White, 3d, dated March 4, 1842, acknowledged March 26, 1842, recorded Aug. 15, 1844, of which mortgage the tenant, William S. Skolfield, through mesne conveyances, is the assignee.

Deed of Isaac Park, deputy sheriff, to Samuel White, 3d, dated and acknowledged March 18, 1845, recorded July 5, 1845, of the equity of redemption of the same land mortgaged by John White to Samuel White, 3d. This deed was objected to. It was proved that said Park is deceased, and that the execution referred to is not on file in the clerk's office, but it was admitted that there was such judgment as described in the deed. The recital of the sale by the sheriff, and the notice thereof, was as follows: — "And, whereas, on the 26th day of May, 1845, having duly given notice to said John White, and having duly advertised the right in equity according to law, I sold the same at public auction to Samuel White, 3d, who is the highest bidder."

Upon so much of the evidence as is legally admissible, the parties agreed to submit these cases to the decision of the

full Court, who are to draw such inferences as a jury would be authorized to draw.

*Abbott*, for demandants.

*Belcher & Whitcomb*, for tenants.

In Pratt v. Skolfield, the opinion of the Court was drawn up by

HATHAWAY, J.— A writ of entry, to recover the south half of two lots of land numbered twelve and thirteen in the fifth range of lots in Weld, in Franklin county.

The demandant shows title to the south half of said lots, excepting a piece of land eighty rods wide on the west end of the west lot, and also excepting a strip forty rods wide on the south side of both lots, by levy upon the same, as the estate of John White, as appears by the officer's return of the levy, Charles W. Brown's deed to John White, and Daniel Wyman's deed to Andrew Dunning, referred to in the case.

John White mortgaged the premises to Samuel White, 3d, by deed of March 4, 1842, recorded August 15, 1844, of which mortgage the tenant, William S. Skolfield, through mesne conveyances, is the assignee, who also claims to have the absolute title, through mesne conveyances, from Samuel White, 3d, who purchased the equity of redemption at sheriff's sale, as by deed to him of Isaac Park, deputy sheriff, of June 18, 1845. The deed of the equity, from Park to Samuel White, 3d, was defective in not reciting the facts required by the statute to authorize him, as an officer, to sell and convey. Hence, it was inoperative. *Wellington* v. *Gale*, 13 Maine, 483; *Williams* v. *Amory*, 14 Maine, 20; *Lumbert* v. *Hill*, 41 Maine, 475. The tenants, therefore, appear to have been in possession, holding no title but that of an assignee of a mortgage, which had precedence, in point of time, to the demandant's title.

If the debt secured by the mortgage has not been paid, the tenants have a right to the possession. If it has been paid,

the demandant's remedy is in chancery, not by action at law. *Howard* v. *Howard,* 3 Met. 557; *Wilson* v. *Ring,* 40 Maine, 116.

The objections urged concerning the name of the tenant William cannot prevail. The Court is, by the report, to draw inferences as a jury, and we think he was equally well known by the names of William Skolfield and William S. Skolfield, and, as he and Ebenezer joined in their plea, the presumption is that he was rightfully in possession under William.

*Demandant nonsuit.*

In Richardson *v.* Skolfield, the opinion of the Court was also drawn up by

Hathaway, J. — The demandant, as widow of John White, claims dower in the land described in her writ. She was married to White in January, 1844, and he died in 1851 or 1852. White became seized of a portion of the premises, March 4, 1842, by deed from Charles W. Brown of that date, and mortgaged the same on that day to Samuel White, 3d, to secure the payment of sundry promissory notes, to which mortgage the tenant, William S. Skolfield, has title through sundry mesne conveyances, as the assignee of Samuel White, 3d; four of the notes specified in the condition of the mortgage were in the tenant's possession, and produced at the trial.

The demandant's counsel insists that she should not be barred of her dower in the whole land, because, at the time of her marriage with John White, she acquired an inchoate right of dower in the land, and White appeared in the registry of deeds to be the owner of it free from incumbrance, his mortgage of the same to Samuel White, 3d, not having been then recorded.

The demandant had no rights in the land which could be affected by the matter of the registry of the mortgage. Her *inchoate right* of dower was no more a *right* of dower in the land, than is an acorn, an oak. It was immaterial to her, so far as her legal rights were concerned, whether the mortgage

was recorded or not. She had no right of dower while her husband was living, and when he was dead, she was dowable, only, of lands of which he had been seized during her coverture, and he was not seized of the land which he had previously conveyed, whether his grantee had caused his deed to be recorded or not.

Another difficulty, urged by the demandant's counsel, is that the notes secured by the mortgage were not assigned with it, by Samuel White, 3d.

There could be no reason for assigning and transferring the mortgage alone, without the evidence of the debts secured by it, unless it were intended that the assignee should take it in trust for those who held the evidence of those debts.

It was not necessary that the notes should have been indorsed or specified in the assignment, although it would have been more regular and much better to have specified them therein. It might have prevented misunderstanding and controversy. But a mortgage, and the debt secured thereby, may be assigned by the mortgagee's quit-claim deed of the mortgaged premises. *Baker* v. *Parker*, 4 Pick. 505; *Hunt* v. *Hunt*, 14 Pick. 374; *Freeman* v. *McGaw*, 15 Pick. 82. The assignment of the mortgage and the delivery of the notes to the assignee were sufficient, and the tenant's possession of them is evidence that they were thus delivered.

It is further contended, in behalf of the demandant, that, if she cannot recover her dower in the whole estate, she can, in this action, recover her dower in the equity of redemption under R. S. of 1841, c. 95, § 15, by which it was provided that, "if, upon any mortgage made by a husband, the wife shall have released her right of dower, or if the husband shall be seized of land, subject to a mortgage made by another person, or made by himself before the intermarriage, his wife shall, nevertheless, be entitled to dower in the mortgaged premises as against every person, except the mortgagee and those claiming under him; provided that, if the heir, or other person claiming under the husband, shall redeem the mortgage, the widow shall repay such part of the money paid by him as

shall be equal to the proportion which her interest in the mortgaged premises bears to the whole value thereof; or else she shall be entitled to dower only according to the value of the estate after deducting the money so paid for the redemption thereof."

The case presents William S. Skolfield's title as that of an assignee of the mortgage given to Samuel White, 3d, by John White, before the demandant's intermarriage with him.

The tenant, William S. Skolfield, claims title to the mortgaged premises from the mortgagee, Samuel White, 3d, not from " the heir or other person claiming under the husband."

Although the tenant, William S. Skolfield, may be assignee of the mortgage of the same premises, from John White to Adolphus Brown, dated August 14, 1844, which, being a second mortgage of the same land, could be only a mortgage of the equity of redemption, of which the demandant may be dowable, yet her right of dower in such equity of redemption cannot be made available in an action at law against the first mortgagee, or those claiming under him, until the incumbrance of the first mortgage is removed. William S. Skolfield's title under the first mortgage remains perfect until his title as such mortgagee is terminated. It may be terminated by foreclosure, and then his title would become absolute; or, it may be terminated by the payment of the debt secured by the mortgage, and then his title as mortgagee under that mortgage would be extinguished, and, until that is done, the demandant cannot recover her dower in the equity of redemption of him, or those claiming under him, in an action at law.

Therefore, a nonsuit must be entered, unless the clerk, upon evidence to be submitted to him, as agreed by the parties, should find that the debt secured by the mortgage of John White to Samuel White, 3d, had been fully paid by John White, and if the clerk should find and determine that that debt had been thus paid, then the demandant will be entitled to judgment for her dower in the land described in the mortgage deed of John White to Samuel White, 3d, with damages

for the detention thereof from the expiration of one month after the demand of dower was made, up to the date of the demandant's writ, to be assessed by the clerk, as agreed by the parties.

TENNEY, C. J., CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred in these opinions.