Staples, J.
The question presented in this case is substantially the same as that just decided. The only difference is, that here the lien asserted is under an attachment sued out against the debtor as a non-resident. It is claimed that this lien binds the property in the possession of a bona fide purchaser where title is derived from a parol contract with the debtor long before the lien of the attachment commenced. There is no conflict of testimony in respect to the terms of *the contract, and the payment of the purchase money in manufactured tobacco, as agreed by the parties, and the delivery of the possession of the house and lot to Moss & Brother, the purchasers. If the deed made by Riddick, the vendor, car be considered as ever accepted by Moss & Brother, it did not affect the pre-existing equitable estate acquired under the parol contract, complete and fully executed before the delivery of the deed. But it may be fairly presumed that Moss & Brother did not intend to accept the deed until the wife of Riddick had relinquished her contingent right of dower. It was returned by them to Riddick for that purpose; but the relinquishment was never made or the deed restored to the purchasers, although demanded by them.
The pretence set up by Riddick, years after the contract was made and the deed signed by him, of a defect in the quality of the tobacco, is not sustained by a particle of evidence, and is disproved by the only witness of the appellees.
The case presented is, therefore, of a parol contract so far executed as to entitle the purchaser to a deed without any conditions imposed; the deed improperly withheld by the vendor, so that it could not be recorded; possession taken and held uninterruptedly for nearly ten years, until this attachment was sued out by the appellant in J873. The case, as the preceding one just decided, illustrates very strongly the rigorous operation of the recording acts, according to the construction now sought to be given them. The attachment lien confessedly only binds such interest as the debtor has; and here lie had notoriously, years before, parted with every vestige of interest he had except the naked legal title; and that title he withheld in violation *of his express promise. My opinion, therefore, is. that the decree of the circuit court is right, and that the same must be affirmed.
Moncure, P., and Christian, J., concurred in the opinion of Staples, J.
Decree apeirméd.