92   383|
:105   19|

## Richmond.

### New's Executrix v. Bass, Brown & Co.

#### December 19, 1895.

1. DECEDENT'S ESTATE—*Payment of Debts and Legacies—Primary Fund—Specific Lien.*—The personal estate of a decedent is the natural and primary fund for the payment of his debts and legacies, and, as a general rule, must be first exhausted before the real estate can be made liable; and the personal estate will not be exonerated in charging the real estate, even when there is a specific lien for a debt on the real estate, unless there be express words or a plain intent in the will to make such exoneration.

2. CHANCERY PRACTICE—*Decree to Sell Land—Account of Debts of Decedent—Primary Fund—Specific Lien.*—It is error to decree the sale of the real estate of a decedent for the payment of his debts until the claims of creditors, and their relative priorities, have been first adjudicated. If there be personal estate, it should, as a general rule, be first applied to the payment of the debts. And if the parties holding specific liens on the real estate are before the court, they should not be allowed, as a rule, to enforce their liens until the personal estate has been exhausted.

3. CHANCERY PRACTICE—*Creditor's Bill to Settle Estate of Decedent—Parties.*—In a suit by creditors to subject the real estate of a decedent to the payment of his debts, where it appears that the decedent devised his real estate to his wife for life, with remainder in fee in equal parts to his two children, but, if either died without issue, remainder over to his sister, with power to the wife to sell and reinvest proceeds, if deemed advisable, the sister is not a necessary party.

4. CHANCERY PRACTICE—*Creditor's Bill—Parties—Case at Bar.*—If on a bill filed by creditors to subject the estate, real and personal, of a decedent, to the payment of his debts, a copy of decedent's will is filed, by which he devised and bequeathed certain property to his wife for life, and nominated her as executrix, the wife is made a party defendant as executrix and "as widow," this·is sufficient to bind her personally by any proper decree made in the cause.

Appeal from a decree of the Corporation Court of the city of Danville, pronounced February 20, 1893, wherein the appellees, Bass, Brown & Co., were the complainants, and the appellant and others were the defendants.

*Reversed.*

The complainants in the court below filed their bill, on behalf of themselves and such other creditors of W. W. New, deceased, as might come in and contribute to the cost of the suit, for the purpose of subjecting the real and personal estate of W. W. New, deceased, to the payment of their debts. The bill charges that there is but little personal estate, and that it will be necessary to subject the real estate to the payment of the debts of the complainants, which are set out in the bill. It is charged that the decedent made a will by which he devised and bequeathed all his property, after the payment of debts, to his sister, Eloise H. New, and to his wife and two children. The defendants to the bill are " Lucy G. New, as executrix of the said last will and testament, and as widow of the said W. W. New, deceased; the said Eloise H. New, the said Fannie New and Robert New, the only children of W. W. New, deceased; " and the prayer of the bill is for an account of debts, and of all liens upon the real estate, and their relative priorities, if any, and an account of the real estate of which the said W. W. New died seised and possessed, and all other accounts that may be necessary or proper ; and that the real estate, or so much thereof as may be necessary for the purpose, be sold for the payment of said debts.

*E. E. Bouldin*, for appellant.

*Berkeley & Harrison* and *Peatross & Harris*, for the appellees.

Cardwell, J., delivered the opinion of the court.

The will of W. W. New, deceased, duly probated in the Corporation Court of the city of Danville, at the December term, 1891, after providing for the payment of testator's debts and funeral expenses, and giving his sister, Eloise H. New, a special legacy of $1,500, disposes of the residue of his estate as follows :

" I give, bequeath, and devise all the rest and residue of my estate, and all the property, real, personal, and mixed, of which I shall die siesed or possessed, or which I shall be entitled to at the time of my decease, as follows, to-wit :

" To my wife, Lucy, I give one-third, to be hers during her life, and at her death to be equally divided between my children. To my children, Fannie and Robert, I give the remaining two-thirds, to be held and managed for them by their faithful mother until the youngest shall have reached the age of twenty-one years; then to be equally divided between them, to be theirs, their heirs, forever.

" In the event of the death of either of the children without issue, it is my will that the share of the child so dying be given to the survivor, and if both of my children die without issue, then I give and bequeath the share of both to my dear sister, Verner New Mahon, for the use of her and her children.

" I give the custody, tuition, and guardianship of the persons of such of my children as may be under the age of twenty-one years at the date of my death to my wife, during their respective minorities, and I do nominate and appoint my wife, Lucy G. New, executrix of this, my last will and testament, and I request and direct that she be allowed to qualify without security.

" It is my will that my executrix (if she think it wise) sell the property at the corner of Main and Ridge streets, also

the house and lot on Patton street in the rear of Dr. W. L. Robinson, before either or both of the children attain their majority, at any time she may see fit, and invest the proceeds of the sale as she may deem best to carry out the provisions of this will."

In July, 1892, appellees, Bass, Brown & Co., creditors of testator, filed their bill of complaint, on behalf of themselves and other creditors who might become parties to the suit on the usual terms, against Lucy G. New, as executrix of the last will and testament, and as widow, of said W. W. New, deceased; Eloïse H. New, and Fannie New and Robert New (the last two only children of the testator, and both infants); the bill alleging that the personal estate of testator would be insufficient to pay his debts, and that his real estate would have to be subjected to their payment, &c.; and praying an account of debts due by the estate; an account of the real estate of which the testator died seised, &c., and an account of liens on the real estate, and their priorities, &c.

Upon this bill, taken for confessed as to the adult defendants, and the answers of the infants by their guardian *ad litem*, duly appointed, and of the guardian *ad litem*, duly filed, a decree was entered referring the cause to a master commissioner, to take the accounts asked for by the bill, and directing the commissioner to report also how much of the real estate of the testator, if any, would have to be sold to pay his debts, and what lots or parcels of real estate could be most advantageously sold for that purpose, so as to occasion as little damage as possible to the estate.

The report of the commissioner made in response to this decree and filed December 29, 1892, showed:

1st. That the debts outstanding against the testator's estate amounted to $25,391.93, including interest computed to January 1, 1893, in which total of debts is included two debts

aggregating $9,160, secured by trust deeds upon the two pieces of property mentioned in the fifth clause of the testator's will.

2d. That the total assessed value of the realty was $29,575.

3d. That the personal assets amounted in value to $48,-047.09, and were sufficient to pay all the debts.

4th. That in case the personal estate did not turn out as inventoried, and the real estate had to be resorted to, the lot on Patton street should be first sold, and, if this should be insufficient, then the Main-street lot (the dwelling).

The decree entered upon this report, and from which this appeal was allowed, in so far as it need be set out here, is as follows:

" On consideration whereof, the court doth approve and confirm so. much of the said report as gives an account of the debts due by the estate of W. W. New, deceased, and doth adjudge, order, and deceee that said report be, and the same is hereby, recommitted to the said Bowen, to take a further account of the debts, and also to amend, correct, and modify the account of the personal assets of the estate of said New.

"And it is further ordered and decreed that Lucy G. New, the executrix of W. W. New, deceased, do settle her account as such executrix before the said Bowen, commissioner; and said Commissioner Bowen shall further take and state a full account of the standing of the assets and liabilities of the firm of W. P. Horner & Co., of which W. W. New, deceased, was a partner; and in this account said commissioner shall enquire and state who is to pay the debts of said firm; who is to collect and dispose of the assets of same; and what, if anything, W. P. Horner owes the estate of said New, and what, if anything, the said estate owes the said Horner. And said Bowen shall take and report all other accounts, facts, and statements, which any party to this suit may request to have reported, and which, in the opinion of said commissioner, will

be of service to the court in passing upon the matters and
questions involved in this suit.

"And it appearing to the court that C. Morton Stewart,
C. O. D. Lee, and Ed. Jenkins, trustees, have a lien
by deed of trust for $5,000, with interest thereon from
September 1, 1892, on the house and lot at the corner
of Main and Ridge streets, Danville, Va.; and that Ella
P. Williams and T. C. Williams, Jr., executors of T. C.
Williams, deceased, have a lien by deed of trust for $4,060,
with interest as stated in said report, on lot of land and im-
provements thereon, situate at the corner of Union and Pat-
ton streets, Danville, Va.; and that Ella P. Williams has a
like lien on said last-named property for $603.60, with interest
thereon as stated in said report—all of which appears in said
report—on the motion of the aforesaid lien creditors, who, by
and with their consent, are hereby made parties to this suit,
and waive all service of process, or summons from the court,
they, the said lien creditors under the deeds of trust aforesaid,
are hereby permitted and authorized to have executed by their
respective trustees the aforesaid deeds of trust, by sales made
in accordance with the terms and provisions of said trust
deeds, and apply the proceeds of such sales as the said trust
deeds in terms require."

It is contended by appellant that it was error to decree
that the creditors, Stewart, Lee, and Jenkins, trustees, might
sell the real estate *at that time,* and this constitutes her first
assignment of error to the decree appealed from.

The personal estate of a deceased person is the natural and
primary fund for the payment of debts and legacies, and, as a
general rule, must be first exhausted before the real estate
can be made liable; and the personal property will not be
exonerated by a charge on the real estate, unless there be
express words or a plain intent in the will to make such

exoneration. If, therefore, the creditors' bill be against the estate of a dead person, it should call for an account of the personalty, and the decree should provide for its application to the relief of the real estate. 1 Bar. Ch. Pr. 275 ; 2 Bar. Ch. Pr. 725 and 727 ; *Elliott* v. *Carter*, 9 Gratt. 549.

This is the plain interpretation of the statute (sec. 2652, Code of Virginia), and it has been repeatedly held by this court that it is premature to decree a sale of the realty before adjudicating the claims of creditors and their respective priorities, in order to ascertain the precise amount chargeable upon such realty. *Simmons* v. *Lyles et als.*, 27 Gratt. 922, 929 ; *Buchanan* v. *Clark*, 10 Gratt. 164 ; *Cralle* v. *Meem et als.*, 8 Gratt. 496, and authorities cited.

In the case of *Elliott* v. *Carter, supra*, Lee, J., says : " It is the general rule (unless modified by the terms of the will, or necessary implication,) that the personal estate is the primary fund for the discharge of the debts, and is to be first applied and exhausted, even in payment of debts for which the real estate may be expressly charged by mortgage."

There is nothing whatever in the will of testator New to modify or change the general rule as stated by the authorities cited.

The report of the commissioner in the case at bar not only stated that the personal estate of the testator was sufficient to discharge all of the debts, but shows that it is largely in excess of the debts, including the debts secured on the real estate that the decree authorized to be sold. It is contended, however, that the commissioner was in error in stating the personal estate to be as much as he did, and that it was sufficient to pay off the debts, but there is nothing in the record to sustain the contention of appellees' counsel. At all events, the decree upon its face shows that all of the debts against the estate of the testator had not been ascertained, and that the court was not in possession of all the facts necessary to enable

it to determine with any degree of accuracy whether or not
it was necessary to decree a sale of any of the real estate.
The fact that the creditors secured in the deeds on the pro-
perty to be sold under the decree might have sold under
their deeds without the authority of the court, does not alter
the case.   They, having come into this suit, must be subject
to the decrees of the court therein, and the court could only
enter such decree as the general rule of law applicable to the
cause would permit.   We are of opinion that it was error in
the court below to decree a sale of any of the real estate
under the control of the court in this cause when the decree
complained of was made.

   We do not think, however, that Verner New Mahon
was a necessary party to this suit.   " It is true, as a
general rule, in equity, that all persons interested in the
subject matter of the bill, and which is involved in and
to be affected by the proceedings and result of the suit,
should be made parties, however numerous they may be."   1
Bar. Ch. Pr. 133.   But as the interest of Mrs. Mahon in the
property desired to be sold is contingent, not only upon both
of the testator's children dying without issue, but upon a
failure of the executrix to sell the property as authorized by
the fifth clause of the will, her interest is too remote to make
her a necessary party to the suit; and the reasoning of this
court in the case of *Fitzgibbon* v. *Barry*, 78 Va. 755, is a
complete answer to the argument submitted in support of this
assignment of error.

   The only remaining ground assigned as error by appellant,
to the decree, is that Lucy G. New is made a party as execu-
trix and widow, but not in her own right as devisee.   We
think that the bill clearly makes her a party in her own right
as devisee, and that she as such would be bound by any pro-
per decree entered in the cause.

   For the foregoing reasons, the decree must be reversed and

annulled, and the cause remanded to the Corporation Court of Danville for such further proceedings as may appear proper, in accordance with this opinion.

*Reversed.*