## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CHAPMAN V. CHAPMAN'S TRUSTEE AND OTHERS.

FEBRUARY 6, 1896.

92  537
98  524

92  537
101  711

1. DOWER—*Lands Sold Before Marriage and Conveyed Afterwards.*—The widow of a vendor of real estate is not entitled to dower in the land of her husband, where it appears that the vendor sold the land before marriage, put the vendee in possession and received a part of the purchase money, and after the marriage conveyed the land to the vendee by his sole deed. And although the vendee may have been in default in the payment of the purchase money during the coverture, his mere default would not entitle the widow to dower under section 2268 of the Code.

Appeal from a decree of the Circuit Court of Madison county, pronounced September 20, 1892, in a suit in chancery wherein appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

This was a suit in chancery brought by the complainant to recover her dower in the lands whereof her husband, Thomas W. Chapman, was seised and possessed during the coverture, and, amongst others, in the tract of 560 acres referred to in the opinion of the court.

*John E. Roller*, for the appellant.

*James Hay* and *T. C. Gordon*, for the appellees.

HARRISON, J., delivered the opinion of the court.

It appears from the record that in 1870 Thomas W. Chap-

man, then unmarried, made a verbal contract with Thomas
A. Chapman, by which he sold the latter a tract of 560 acres
of land.   The purchaser paid in cash $100.00, and was imme-
diately put in possession.

Thomas W. Chapman, the vendor, married in 1878, with-
out having made his vendee a deed.   After his marriage he
executed and delivered to Thomas A. Chapman a deed con-
veying him this 560 acres of land.   In this conveyance his
wife refused to unite.   Thomas W. Chapman, the vendor
having died, since making the deed, his widow now demands
dower in the land conveyed to Thomas A. Chapman.

Irrespective of statute, a widow has no dower in lands
sold by her husband prior to his marriage, although the hus-
band may have died without conveying title ; for, while he
has the legal title, yet he is not beneficially seised during the
coverture, as against the vendee.   2 Minor's Inst. 147;
*Waller* v. *Waller*, 33 Gratt. 83; Lomax, Vol. I., (ed. 1839),
p. 106, ch. IV., sec. 3.

It was contended, however, that Thomas A. Chapman was
in default in the payment of the balance of the purchase
money, and that this gave his vendor a right of action to re-
cover the land ; and therefore that Mrs. Chapman is entitled
to dower therein by virtue of sec. 2268 of the Code, which
provides that " *When a husband, or any one to his use, shall
have been entitled to a right of entry, or action in any land,
and his widow would have been entitled to dower out of the
same if the husband or such other had recovered possession
thereof, she shall be entitled to such dower although there
shall have been no such recovery of possession.*"

This proposition is based upon an erroneous assumption of
facts.   There is not one word in the record tending to show
that Thomas A. Chapman was in default in the payment of his
purchase money.   If anything is to be inferred from the facts
appearing in the record, the contrary is true.   His vendor

made him a deed of conveyance, from which we must presume that he had fully complied with all the terms of his contract. The fact that he did not get his deed until 1878 is no evidence of default on his part. The terms of the contract, as to time or price, do not appear. The balance of his purchase money, if any, may not have been due till then, or may have been paid long before that time, and his vendor been in default in not making the deed. Further, if the purchaser had been in default, that would not have given his vendor the right to re-enter and take possession, until he had reasonable notice, and an opportunity to redeem his default.

Section 2268 has no application to a case like this. It is clear that the claim of the appellant to dower in this land is unfounded, and the Circuit Court having so held, its decree must be affirmed.

*Affirmed.*