100    9
105    19
e105   20

## Richmond.

FRASIER AND ANOTHER v. LITTLETON'S EX'OR AND OTHERS.

December 5, 1901.

1. WILLS—*Payment of Debts—Charging Real Estate.*—Where it is manifest that a testator intended that his debts should be paid out of his personal estate, a direction in his will that his just debts shall be paid out of the funds applicable thereto is not a charge of his real estate with the payment of his debts.

2. EXECUTORS AND ADMINISTRATORS—*Real Assets—Code, Sec. 2665—Contribution Between Devisees.*—Section 2665 of the Code, making real estate of decedents assets for the payment of debts, does not give a devisee of encumbered lands a right of contribution from devisees of unencumbered lands. The object of the statute was to do away with the distinction between debts chargeable on decedents' lands at common law and simple contract debts, and not to disarrange the order of liability of the assets of a decedent's estate which had been firmly established.

3. WILLS—*Devise of Encumbered Real Estate—Contribution.*—If a testator does not charge his real estate with the payment of his debts, but, after making his will, encumbers a portion of his real estate by a specific lien, the devisee of such portion, as between him and the devisees of other real estate, takes it *cum onere.*

4. EXECUTORS AND ADMINISTRATORS—*Payment of Debts—Order of Liability of Estate.*—The order in which the estate of a testator will be applied to the payment of his debts is as follows: The first to be so applied is the personal estate at large not exempted by the terms of the will or by necessary implication. Next to it, real estate or an interest therein expressly set apart by the will for payment of debts. Next, real estate descended to the heirs. After it, property, real or personal, expressly charged with payment of debts, and then, subject to such charge, specifically devised or bequeathed. If these prove inadequate, then general pecuniary legacies, and after them, specific legacies, both classes ratably; and, in the last resort, real estate devised by the will.

Appeal from two decrees of the Circuit Court of Loudoun county, pronounced June 14, 1900, and October 18, 1900, respectively, in a suit in chancery wherein the appellee, Littleton's Executor, was the complainant, and the appellants and others were the defendants. .

*Affirmed.*

The opinion states the case.

*J. B. McCabe,* for the appellants.

*Edwin E. Garnett,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The litigation in this cause arises out of a demand on the part of the appellants, Nannie E. Frasier and Emma Ross, devisees under the will of Richard C. Littleton, deceased, whose land was encumbered by the testator after the execution of his will, against the appellees, S. P. Brown and others, to whom the testator devised other lands, for contribution in discharging the encumbrance. The will is dated June 8, 1888, and provides for the payment of the indebtedness out of the personal assets, which, at that time, were ample for the purpose. But the testator lived for some twelve years after making his will, and, in the interval, disposed of the greater part of his personal estate, and became indebted to a considerable amount.

On April 15, 1897, the testator executed a deed of trust on "Locust Hill" farm, the land devised to appellants, to secure a debt of $6,000 to the estate of Edgar Littleton, deceased.

Shortly after his death, which occurred in January, 1900, a suit was instituted by the executor for the purpose of construing the will and administering the estate. The usual accounts were taken, and, it appearing that the fiduciary debts would exhaust the personal assets, the Circuit Court decreed a sale of the real estate devised to appellants, to satisfy the deed of trust.

The provisions of the will necessary to elucidate the point in controversy are as follows: "First Clause. I will and direct that all my just debts be paid by my executor out of funds applicable thereto as herein provided. . . . . ."

And by the third clause testator bequeathed all his personal estate (after the payment of his just debts) of every character and description to his wife. No other provision was made for the payment of debts, so that it was manifestly the intention of the testator that they should be discharged out of the personal assets, and the language employed did not charge the real estate with their payment. *Gaw* v. *Huffman,* 12 Gratt. 628; *Leavell* v. *Smith's Ex'ors,* 99 Va. 374.

The contention on behalf of appellants is, 1st, That the act of the testator in placing an encumbrance on the "Locust Hill" farm did not *ipso facto* operate a revocation of his will, so far as that property is concerned; and,

2d, That appellants have a right to demand contribution from devisees of other lands of the testator, in discharging the encumbrance.

The first proposition is conceded, but the second is controverted.

Authorities have been adduced which hold that heirs and devisees may compel the payment of a mortgage debt out of the personalty to relieve real estate from a lien; and the conclusion sought to be drawn from that premise is that, inasmuch as by section 2665 of the Code the real estate of decedents is made assets for the payment of debts, they have the same right to resort to that class of property for contribution. If this view be correct, section 2665 operates as a will in which a testator has expressly charged his real estate with the payment of debts. But it would seem clear that the statute is not susceptible of that construction.

At common law the lands of a decedent were liable only to debts of record and of specialty binding the heirs expressly (2

Minn. Inst. 76), and the object of the statute was to do away with the distinction between such debts and simple contract debts, and to make the real as well as the personal estate of a decedent liable for the liquidation of all his debts.

But it was not intended thereby to disarrange the order of liability of the assets of a decedent's estate, which by a long line of adjudications has become firmly engrafted upon the jurisprudence of the State. *McCandlish* v. *Keen*, 13 Gratt. 615, 630; *Pierce* v. *Graham*, 85 Va. 227, 235; 4 Kent, Com. 421; Wh. & T. Lead. Cas. 72.

. A testator has a right to dispose of his property as he pleases. His will is ambulatory until his death, and speaks as of that time; and hence, if a testator puts a lien upon a part of his land, but by his will, the ultimate expression of his wishes, elects to charge the whole of his real estate with the payment of his debts, all, rather than the encumbered part, must bear the burden; otherwise *his will* would be thwarted. The case is different, however, where the will does not charge the real estate with the payment of debts. For in such case, an encumbrance of a portion of the real estate previously devised is a declaration by the testator that the devisee is to take it *cum onere*, and where the intention is clear the motives of a testator for discriminating between the objects of his bounty are not a legitimate subject of enquiry by the courts. He has the dominion over his property, and his "will stands as the reason for his act," and cannot be challenged. This controversy is between devisees, not creditors, and the question is not as to the ultimate liability of all the lands of the testator for the payment of his debts, if necessary, but as to the order of their subjection.

In the case of *Livingston* v. *Livingston*, 3 John. Chy. 148, 158, there was no mortgage, and Chancellor Kent held that it was a proper case for contribution among devisees. The common burden, of course, rested upon the property of all of the same class in proportion to the value. The learned Chancellor

quotes with approval *Carter* v. *Barnidston*, 1 P. Wms. 505, 509, 521. In that case, there was a mortgage on one of the manors devised, but testator had charged all his lands with the payment of his debts, and for that reason contribution was decreed against the devisee of the other manor.

There are other authorities illustrative of the principle laid down in *Carter* v. *Barnidston*, and the further doctrine that, unless there is a clear intention indicated by the will that a devisee shall take *cum onere*, he has a right to have his land disencumbered out of the personal assets, not specifically bequeathed, which is the natural and primary fund for the payment of debts. (1 Jarman on Wills, (5th ed.) 157; *Elliott* v. *Carter*, 9 Gratt. 541-551.)

All of the cases relied on have been examined, but the principles established have been stated, and a further review of them would be unprofitable.

In *Elliott* v. *Carter*, 9 Grant. 548-9, it is held that: "The order in which the different funds or subjects of property constituting the estate of a deceased testator, and which are liable to the payment of debts, will be applied, seems to be pretty clearly settled by the various adjudications that have been made upon the subject. The first to be so applied is the personal estate at large not exempted by the terms of the will, or by necessary implication. Next to it, real estate or an interest therein expressly set apart by the will for payment of debts. Next, real estate descended to the heirs. After it, property, real or personal, expressly charged with payment of debts, and then, subject to such charge, specifically devised or bequeathed. If these prove inadequate, then general pecuniary legacies, and after them, specific legacies, both classes ratably; and, in the last resort, real estate devised by the will." See also *Edmunds* v. *Scott*, 78 Va. 720; Bispham's Pr. Eq. (3d ed.), 346-405; Adams' Eq. (3 Amer. Ed.), 264.

It will be observed that, according to the foregoing rules pre-

.scribing the order in which the assets of a decedent are to be applied, there are seven classes, and that the real estate devised to appellants falls in the fourth class, while that of the appellees is in the seventh class, and is the last property liable to the payment of testator's debts.

In *Glass and Wife* v. *Dunn et al.*, 17 Ohio State, 413, it was held that "specific devisees can compel contribution from each other, when the land devised to either is taken for the payment of debts which are not charged, or secured by mortgage or other lien, upon the same." And in *Gibson* v. *McCormick*, 10 Gill & John. (Maryland) 66: "The devisees of mortgaged property have a right to call on the executor to redeem the mortgage to the extent of the excess, where the personal property is more than sufficient for the payment of debts, but they have no such equity as against the devisees of other portions of the estate."

And *In Re Christopher Mason*, deceased, 1 Select Eq. Cases, Parsons (Pa.), 129, it was said: "A devisee who has taken land under a will charged with a mortgage created by the testator in his lifetime, cannot call upon other devisees who have taken other land under the same will, specially devised to them, to contribute ratably towards the extinguishment of such encumbrance. In respect to his relation with other devisees, such devisee takes the land *cum onere*. Nor is such devisee entitled to have his land exonerated from such encumbrance out of personal estate specifically bequeathed. The rule is different as to creditors."

In that state, as in this, all the lands of a decedent are made assets for the payment of his debts. Parsons' Eq. 129; *Thomas* v. *Thomas*, 17 New Jersey Eq. (2 C. E. Green), 358; 3 Jarman on Wills (5th ed.), 472-3; *Guild* v. *Winthrop*, 5 R. I. 319.

There are numerous authorities to the same effect, and none has been found to the contrary. They fully sustain the conclusion reached by the Circuit Court, that where a will does not charge the real estate devised with the payment of debts, a de-

visee whose land has been encumbered by the testator has·no right to resort to the lands of other devisees for contribution.

The decree complained of is plainly right, and must be affirmed.

*Affirmed.*