# Wytheville.

PEERY'S ADMINISTRATOR v. ELLIOTT AND OTHERS.

July 2, 1903.

1. PURCHASER—*Parol Agreement—Possession and Improvements.*—A purchaser of real estate in 1879, under a parol agreement, who entered upon the land and held open, notorious, and peaceable possession thereof, and erected permanent and costly improvements thereon, has superior title to a deed of trust creditor whose deed was made in 1885, and who had notice of the prior sale.

2. DEEDS—*Uncertain Description—Extrinsic Evidence—Case in Judgment.* Where the description of the subject matter of a deed is too vague and uncertain to be self-explanatory, the burden rests upon those claiming under it to show by evidence *aliunde* to what it truly applies. In the case in judgment, both the pleadings and proofs show that the land in controversy was not embraced in the deed of trust asserted as a lien thereon.

3. EQUITY—*Commissioner in Chancery—Incompetency—Exception—When Taken.*—Objections to the competency of a commissioner to take an account, which were known to exist at the time the cause was referred to him, cannot be asserted for the first time after it has been ascertained that his report will be adverse to the exceptant.

4. MARSHALLING SECURITIES—*When Refused.*—A court of equity will not marshal securities unless there is a common debtor, and not then if it would operate to the injury of a party against whom it is invoked.

5. EQUITY—*Multiplicity of Suits.*—A multiplicity of suits to accomplish the same purpose is oppressive to a defendant, and should not be sanctioned by a court of equity.

Appeal from a decree of the Circuit Court of Bland county, pronounced May 18, 1901, in sundry chancery suits heard together, in one of which the appellant filed a petition seeking to be admitted as a party complainant.

                                                    *Affirmed.*

The opinion states the case.

*S. W. Williams,* for the appellant.

*W. J. Henson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The controversy involved in this appeal is a branch of a litigation embracing seven separate suits in equity, all having the common object of subjecting the real estate of T. G. Hudson and Isaac Hudson to the satisfaction of liens.

A practice which thus harasses debtors by a multiplicity of suits, and subjects them to unnecessary cost, is oppressive, and ought not to be sanctioned by a court of equity.

Among the liens involved in that litigation is a deed of trust, bearing date April 25, 1885, from T. G. Hudson, conveying real estate, to secure a liability to Elias Foglesong, whose administrator is the appellant here. The sole question for decision is whether or not that deed constitutes a lien on one-sixteenth of an acre of land, the property of appellee, W. G. Elliott.

It appears that T. G. Hudson and his father, Isaac Hudson, owned adjoining tracts of land in Bland county. In the year 1879, W. G. Elliott purchased from the former a small lot for a mill site and at the same time purchased from Isaac Hudson and wife one-third of an acre of land, with certain water rights in the adjoining land for the use of the mill.

While the agreement in respect to these sales was in parol, Elliott was at once placed in possession of the property, and immediately commenced the erection of a flouring mill on the lot purchased from T. G. Hudson, and a dwelling house and other improvements on the other lot. On January 5, 1880, Elliott received a conveyance to the lot on which the mill is located; and on July 28, 1885, the one-third of an acre and the water rights were likewise conveyed to him.

It thus appears that the deed of trust was executed more than five years after the parol agreement referred to, and after Elliott had been placed in the open, notorious, and peaceable possession of the property, and had built permanent and costly improvements thereon, and as shall be seen presently, after Foglesong had notice of the sale. So that, if the property were embraced in the deed of trust, the case would be controlled by the doctrine of *Withers* v. *Carter*, 4 Gratt. 407, 50 Am. Dec. 78; *Floyd* v. *Harding*, 28 Gratt. 401; *Hicks* v. *Riddick*, 28 Gratt. 418; *Long* v. *Hagerstown Agr., &c. Co.*, 30 Gratt. 665; *Chapman* v. *Chapman's Trustee*, 92 Va. 537, 24 S. E. 225, 53 Am. St. Rep. 823.

It likewise appears that the deed of trust is general in its terms, and does not describe the land conveyed by courses and distances, and that there is nothing on the face of the deed to indicate that it embraces, or was intended to embrace, the mill tract, or any part of it. As the grantor, T. G. Hudson, had years before parted with the possession and all beneficial interest therein to a purchaser who had erected a valuable flouring mill on the property, the presumption is that it was not intended to be embraced in the deed of trust. At all events, where the description of the subject-matter of a deed is too vague and uncertain to be self-explanatory, the burden rests upon those claiming under it to show to what it truly applies.

"Evidence *aliunde* is admissible in all cases where there is a doubt as to the true location of the survey, or a question as to the application of a grant to its proper subject-matter." *Reusens* v. *Lawson*, 91 Va. 226, 235, 21 S. E. 347.

In this case no evidence was adduced for that purpose, and, although Foglesong twice gave his deposition in the cause, he made no claim that the Elliott mill property was included in his trust deed, and no denial that he had actual notice of the prior sale. On the contrary, the evidence on behalf of appellee shows conclusively that only one-sixteenth of an acre of the

land in controversy (the part on which the mill house stands) was ever owned by T. G. Hudson, that Foglesong had actual notice of the fact that it had been previously sold, and that he never asserted any claim to a lien thereon. In the answer of T. G. Hudson to an amended bill, to which Foglesong was a party, the following language occurs: "As to Elias Foglesong's deed of trust, this trust deed only properly embraces the land owned by respondent at the time of the execution thereof, and does not, and was never intended to, convey or embrace the Elliott mill property." That answer was prepared by the trustee in the deed, as counsel for Hudson, was sworn to by the latter, and to it no replication was filed by Foglesong. This is, therefore, an admission of record, to which the grantor, the trustee, and the *cestui que trust* are all committed, that the demand of Foglesong's administrator is groundless.

Exception was taken to the competency of the commissioner who took the account of liens and assets in the cause, on the ground that he had been examined as a witness, and the action of the court in overruling that exception is assigned as error.

His deposition had been taken before the account was referred to him, and appellant's counsel, with knowledge of that fact, raised no objection to his competency until it was ascertained that his findings were adverse to appellant's present contention. The exception, under these circumstances, was properly overruled.

The point was made at bar, although not in the petition for appeal, that, while the deed of trust may not have been a lien on the mill property, some of the judgments which were satisfied out of the proceeds of sale of the land included in the deed of trust constituted liens on both properties, and that, under the doctrine of marshalling securities, the trust-deed creditor is entitled to subject the mill property to the extent to which the property affected by his lien contributed to the discharge of prior judgments.

Without entering upon an extended discussion of the doctrine of marshalling securities, it is sufficient to say that it is a rule of equity, founded in natural justice, and will never be so applied as to operate an injustice to a party against whom it is invoked. For the principle to be applicable, both sources of payment must belong to a common debtor. *Russell* v. *Randolph,* 26 Gratt. 717; *Blakemore* v. *Wise,* 95 Va. 269, 28 S. E. 332, 64 Am. St. Rep. 781.

As was said by this court in *Lee* v. *Swepson,* 76 Va. 173: "One thing is very clear—that securities will never be marshalled to the injury of those persons over whom the party claiming the benefit of the principle has no superior equity."

The doctrine obviously has no application under the facts of this case.

The decree complained of, by which it was adjudged that the trust deed in question is not a lien on the property of appellee, is plainly right, and must be affirmed.

*Affirmed.*