# Richmond.

## FRENCH v. VRADENBURG AND OTHERS.

February 2, 1906.

Absent, Cardwell, J.

1. WILLS—*Devise of Land—Subsequent Encumbrance—Payment from Personal Estate.*—If a testator devises and bequeaths his real and personal estate to different persons, and directs all of his debts to be paid out of any ready money or other personal property that he may have at the time of his death, and thereafter encumbers his real estate, the devisee of such real estate has the right to demand that the encumbrance shall be discharged; to his relief, out of such money and personal property.

2. EXECUTORS AND ADMINISTRATORS—*Payment of Debts—Order of Liability of Estate.*—Whatever may be the doctrine elsewhere, the order of liability of the assets of a testator for the payment of his debts is so well established and has been so uniformly followed in this State for many years as to have attained the dignity of a canon of construction and the sanctity of a rule of property. This order is as follows: (1) The personal estate at large not exempted by the terms of the will or necessary implication. (2) Real estate, or an interest therein, expressly set apart by the will for the payment of debts. (3) Real estate descended to the heir. (4) Real or personal property expressly charged with the payment of debts, and then subject to such charge, specifically devised or bequeathed. (5) General pecuniary legacies. (6) Specific legacies, and (7) Real estate devised by the will.

Appeal from a decree of the Circuit Court of Mathews county, in the chancery suit of *French's Ex'ors.* v. *French & Others,* in which a decree was rendered adverse to the defendant, Allie V. French, an infant, who prosecutes this appeal.

*Reversed.*

The opinion states the case.

*Wm. W. Old & Son,* for the appellant.

*Christopher B. Garnett* and *J. Boyd Sears,* for the appellees.

WHITTLE J., delivered the opinion of the court.

The essential question presented by this record for decision involves the right of a devisee of real estate, encumbered by the testator subsequently to the execution of his will, to disappoint legatees, pecuniary and specific, by having the encumbrance discharged out of the personal estate, where the will directs the payment of all the debts of the testator and funeral expenses from any ready money or other personal property that he may have at the time of his death.

From an adverse decree, in a suit by the executors to construe the will and administer the estate, the devisee appealed.

The doctrine touching the order of liability of the assets of a testator's estate for the payment of debts has, in its various aspects, proved a fruitful source of discussion; and in the argument of the present case our attention has been drawn to numerous decisions of the courts, both in England and the United States, bearing upon the question. But whatever may be the weight of authority elsewhere, we are of opinion that the case comes within the influence and control of a line of precedents in this State so well established and universally followed in determining the order of liability of the assets of the estate of a testator as to have attained the dignity of canons of construction and the sanctity of rules of property.

Since the opinion of Judge Lee, in *Elliott* v. *Carter,* 9 Gratt. 541, which was delivered more than half a century ago, wills

have been written and estates administered on the faith of that decision throughout the Commonwealth; and if it, and the decisions of this court which have followed it, are to be overruled, it should be done by act of the Legislature, and not by the courts. That course was pursued in England by Lock King's Act, 17 & 18 Vict., ch. 113, amended by 30 & 31 Vict., ch. 69, p. 706, which in effect declares that when a testator shall die seized of mortgaged property, and shall not by his will or deed have signified a contrary or other intention, lands devised subject to a mortgage or other equitable charge, including a vendor's lien, are primarily chargeable therewith, and such devisee is not entitled to have the mortgage debt discharged or satisfied out of the personal estate.

In *Elliott* v. *Carter, supra,* it was held, that, in the absence of an express charge, the personal estate constitutes the natural primary fund for the payment of debts. But where, as in that case, both personal property and real property were equally and expressly charged, they stand on the same footing, and each contributes ratably to the discharge of the common burden. The learned judge, in the course of his opinion, formulates the following rule, determining the order in which the different funds or subjects of property constituting the estate of a deceased testator shall be applied to the payment of debts:

1. The personal estate at large, not exempted by the terms of the will or necessary implication;

2. Real estate, or an interest therein, expressly set apart by the will for the payment of the debts;

3. Real estate descended to the heir;

4. Real or personal property expressly charged with payment of debts, and then, subject to such charge, specifically devised or bequeathed;

5. General pecuniary legacies;

6. Specific legacies; and

7. Real estate devised by the will.

The main case has been since followed and cited in numerous decisions of this court. *Crouch* v. *Davis,* 23 Gratt. 62; *Murphy* v. *Carter,* 23 Gratt. 477, 489; *Cockerille* v. *Dale,* 33 Gratt. 45, 49; *Edmunds* v. *Scott,* 78 Va. 720, 729; *Allen* v. *Potter,* 83 Va. 265, 2 S. E. 143; *New* v. *Bass,* 92 Va. 383, 389, 23 S. E. 747; *Todd* v. *McFall,* 96 Va. 754, 32 S.-E. 472; *Frasier* v. *Littleton,* 100 Va. 9, 40 S. E. 108.

The precise question decided in *Todd* v. *McFall, supra,* was that a pecuniary legatee, whose legacy had been diminished by the discharge of a vendor's lien resting upon real estate at the time of the testator's death, was not entitled to be subrogated to the right of the vendor against such real estate in the possession of a specific devisee. Replying to the contention, that, as the legacies were expressly made a charge on the personal property and it was consumed in the payment of debts, Mrs. McFall was entitled to be paid her legacy out of the real estate, and especially to the extent that the personal property was applied to the relief of the vendor's lien, the court said: "The answer to this position is that, the will not having charged the real estate with the payment of the debts, nor made any other provision for their payment, the law makes the personal property the primary fund for their satisfaction; and if the testator was mistaken as to the value of his personal property, and it has proved inadequate to pay both debts and legacies the latter must abate to the extent of the disappointment, and cannot be reimbursed out of the land for the loss. A legatee has no right to call upon the devisee to contribute to the payment of the legacy unless the real estate be charged with its payment; not even when the personal property has been applied in exoneration of the land from a mortgage debt or vendor's lien, if the debt was contracted and

the mortgage or lien on the land was created by the testator himself." *Elliott* v. *Carter, supra,* is relied on, among other authorities, to sustain the proposition.

In *Frasier* v. *Littleton, supra,* the court held, that where there were several specific devises of real estate, not charged by the will with the payment of debts, one of which the testator in his lifetime, after the will was written, encumbered by mortgage, on a deficiency of personal assets to pay the mortgage, the devisee took the devise *cum onere,* and was not entitled to call upon other devisees to contribute to the payment of the mortgage. The decision rests upon the familiar and well-settled principle that securities will never be marshalled to the injury of persons over whom the party invoking the doctrine has no superior equity. *Lee* v. *Swepson,* 76 Va. 173; *Peery* v. *Elliott,* 101 Va. 709, 44 S. E. 919; 3 Min. Inst. 612, 2 Jarman on Wills (6 Ed., Bigelow), 581.

The incidental remark of the judge who wrote the opinion in that case, that real estate encumbered by subsequent mortgage fell in the fourth class of Judge Lee's enumeration, was inexact and merely by the way. It in no wise affected the result, which, as we have seen, rested upon the principle that the equitable doctrine of marshalling does not obtain among devisees of real estate under the facts of that case, and was not intended as a departure from or modification of the rule in *Elliott* v. *Carter.*

The reason for the rule established by Lock King's Act, and cognate authorities, which allows the legatee who has been disappointed of his legacy by the application of the personal property to disencumber real property specifically devised, to stand in the place of the encumbrancer, is to give effect to the will of the testator as a whole, which it is said can only be done by requiring the devisee to take *cum onere.* But it would seem

that under the facts of this case, to uphold the contention of the appellees would violate the principle which they invoke to sustain it; for in this instance, as we have seen, there is an express charge upon the personal estate for the payment of debts, subject to which charge the legacies were given.

It follows from these views that the decree of the Circuit Court, in so far as it exonerates the personal property from the payment of the liabilities set forth in the seventh paragraph of the decree, and charges that indebtedness *primarily* upon the real estate therein described, and directs the payment of pecuniary legacies and the delivery of specific legacies bequeathed by the will to the respective legatees, is erroneous, and must to that extent be reversed and annulled, and the cause remanded for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*