MELTON *et ux.* v. LANE *et al.*

No. 918.   Opinion Filed September 12, 1911.

(118 Pac. 141.)

DOWER—Right to Dower—Deed Executed Before Marriage—Suit to
Reform.   Where an unmarried man, in that portion of the state
formerly known as Indian Territory, prior to statehood, made and
delivered. a deed purporting to convey a certain tract of land, but
which, by and through the mutual mistake of the parties, failed to
correctly describe the land sold, and after the marriage of the said
grantor suit is brought for reformation of the said deed, and to
quiet the title in the grantee, the wife of the grantor is not entitled
to judgment allowing her dower in the land. .

(Syllabus by the Court.)

*Error from District Court, Nowata County; T. L. Brown, Judge.*

Action by George W. Lane and C. Brubaker against Peter
Melton and Artie Melton.   Judgment for plaintiffs, and defend-
ants bring error.   Affirmed.

*A. T. Hanson,* for plaintiffs in error.

*Glass & Weaver* and *J. H. Keith,* for defendants in error.

DUNN, J.   This action was brought by defendants in error
against plaintiffs in error in the United States District Court, in
and for the Northern District of the Indian Territory, on April
22, 1907, by defendants in error filing their complaint in equity
in said court.   The action was to quiet title· and secure the re-
formation of a deed made, executed, and delivered by Peter Mel-
ton, one of the defendants, to a certain tract of land, which he
had sold.   October 23, 1907, plaintiffs in error filed their de-
murrer to the complaint, and while the same was pending, and
on November 21, 1907, after Oklahoma and Indian Territory
became a state, the action was transferred to the district court
of Nowata county.   On the demurrer being considered by the
court, it was overruled, to which defendants excepted.   There-
after they filed answer.   It was shown by the pleadings that at
the time of making the original deed Peter Melton, the grantor,
was unmarried, and that between that date and the bringing

of this action he was married to his codefendant, Artie Melton. The answer of defendants was in effect a general denial, and an admission of the averment in the complaint that they were husband and wife, and the allegation that the defendant Artie Meltor, as the wife of Peter Melton, had a right of dower in and to the land described in the complaint. At the conclusion of the evidence, the court rendered judgment, finding that the mistake in the description contained in the original deed was mutual, and that plaintiffs had sustained their allegations, and adjudged under the general prayer for relief that the defendants, and each of them, had no title, right, or interest in and to the real estate, or any part thereof, and that the cloud on plaintiffs' title be removed.

No part of the evidence is before us, the record being a transcript containing the pleadings and the judgment, and the only question presented for our consideration is whether the pleadings will sustain the judgment; the contention of counsel for defendants being that the wife was entitled to dower in the land sold by her husband prior to the marriage, and that this dower right attached by reason of the error resulting in the land not being embraced within the description contained in the deed executed and delivered by her husband.

Section 1859, Statutes of Indian Territory 1899, provides:

"A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form."

Paragraph 1 of chapter 28, vol. 1, of Scribner on Dower (2d Ed.) holds that:

"As the wife is only dowable of such estates as the husband was seised or possessed of at some period during the coverture, it follows that any effectual alienation by him prior to the marriage, places the estate beyond the reach of the wife, and prevents a right of dower from attaching in her behalf."

And paragraph 15 of the same chapter states that:

"The general doctrine is that the wife's dower is liable to be defeated by every subsisting claim or incumbrance, in law or equity, existing before the inception of her right, and which

would have defeated the husband's seisin.   Upon this principle, if a man make a contract for the sale of his land, and afterwards, and before conveyance made, marry, he is regarded in equity as a trustee for the purchaser; and if the conveyance be made during the coverture, in execution of the contract, the purchaser takes the estate discharged of dower."

And in such a case (section 390, vol. 1), Washburn on Real Property (6th Ed.) says:

"Nor does it make any difference in the effect of a want of seisin that the husband parted with it before his marriage, with a view to defraud his creditors, or that the deed was not recorded."

See, also, 14 Cyc. p. 943; 10 Am. & Eng. Ency. Law, p. 203; *Gulley v. Ray,* 57 Ky. 107; *Hugunin v. Cochrane,* 51 Ill. 302, 2 Am. Rep. 303; *Hunkins v. Hunkins et al.,* 65 N. H. 95, 18 Atl. 655; *Chapman v. Chapman's Trustee et. al.,* 92 Va. 537, 24 S. E. 225, 53 Am. St. Rep. 823; *Stevens v. Smith,* 4 J. J. Marsh. (Ky.) 64, 20 Am. Dec. 205; *Pratt v. Skolfield et al.,* 45 Me. 386; *Blood v. Blood,* 23 Pick. (Mass.) 80.

The court found in its decree, as a fact established under the evidence, that plaintiff Lane had been in the possession of the land involved for more than four years, which possession existed, as shown by the averments of the complaint, at the time of the marriage of these parties.   In the case of *Chapman v. Chapman's Trustee et al., supra,* the court, in the syllabus, said:

"The widow of a vendor of real estate is not entitled to dower in the land of her husband, where it appears that the vendor sold the land before marriage, put the vendee in possession, and received a part of the purchase money, and after the marriage conveyed the land to the vendee by his sole deed."

Under the statute above quoted, and under the common law, a wife was entitled to dower in those lands only whereof her husband was seised of an estate of inheritance at some time during the marriage.   When plaintiff Peter Melton sold his right and interest in and to this property, he conveyed all of the interest which he had therein; and the fact that the description contained in the instrument which he delivered did not embrace

the land sold in no wise affected this question. The court had power and jurisdiction to decree a quiet title, or to require the reformation of the deed to make it speak the true intent of the parties; and the general rule is that, as between the immediate parties to such a contract, where the same is afterwards reformed by a decree of the court, the reformation takes effect as of the date of the first execution of the instrument. 24 Am. & Eng. Ency. of Law, p. 757; *Hawkins v. Pearson,* 96 Ala. 369, 11 South. 304. So that, so far as the interests of this wife are concerned, the court's decree related back and fixed the rights of all parties hereto as of the time and to the same extent as if the description in the deed had been accurate, and the land properly described therein. In such event, it is manifest that Artie Melton would have and has no right of dower in and to the same.

No question is made as to the form of relief given in the decree, and as the evidence offered is not before us, and the pleadings are sufficient to support the judgment rendered, the same is accordingly affirmed.

All the Justices concur.