**CIRCUIT COURT OF LOUISA COUNTY**

In re Estate of
Georgia Carter

July 1, 2002

Case No. (Chancery) No. 6341

BY JUDGE EDWARD L. HOGSHIRE

This letter opinion addresses the issue of whether a claim for home healthcare provided by Dianna Carter is properly payable from the Estate of Georgia Carter. The Court finds that Dianna Carter has a valid claim against the Estate for $27,072.00. Further, the Court grants to Ernest Carter, the Executor of the Estate, the powers set forth in Code of Virginia § 64.1-57(b) and (b1), including the authority to sell assets to raise funds to pay claims against the Estate.

*Validity of the Home Healthcare Agreement*

Clarence Carter argues that Diana Carter cannot recover for services rendered to his mother, since there is a presumption in Virginia that such services were performed in recognition of a filial duty. *See Jackson's Adm'r v. Jackson*, 96 Va. 165, 31 S.E. 78 (1898); 14A Michie's Jurisprudence, *Parent and Child*, § 26. This presumption applies only in the absence of an express contract, however. The Court finds that the Home Healthcare Agreement dated March 5, 1999, between Dianna Carter as a healthcare provider and Ernest Carter as attorney-in-fact, fixed a legal obligation to compensate Dianna Carter for services rendered. The agreement explicitly delineated the nature of services to be provided to Georgia Carter and set a reasonable rate of compensation in return. None of the heirs to the Estate objected to this agreement when it was discussed at a family meeting prior to its signing, nor did any object during the time that Dianna Carter cared for her mother-in-law. Evidence that Lucille Williams was paid for care that she provided to her

mother further demonstrates that an agreement of this sort was acceptable to all heirs. Based on this agreement, the Court finds support for Dianna Carter's claim for $27,072.00.

The evidence before the Court indicates, as Clarence Carter has argued, that Ernest Carter himself did not provide care for his mother, but rather housed her in his home and left her daily care to his wife, Dianna Carter. The Court gives no force to the second agreement, dated June 16, 1999, between Dianna Carter and Ernest Carter as healthcare providers and Ernest Carter as attorney-in-fact, as it did not substantively modify the previous arrangement and since there is no evidence that the other heirs approved this change. Accordingly, the Court sees no basis for recognizing a claim on behalf of Ernest Carter for his mother's care. Since the obligation to repay was fixed by the original agreement with Dianna Carter and since she, and not Ernest, was the actual provider of care for Georgia Carter, the Court approves a claim for $27,072.00 in the name of Dianna Carter alone.

### Grant of Power to Sell Assets to Executor

Due to the fact that the value of claims against the Estate exceeds the value of assets on hand, the Court grants to Ernest Carter, as Executor, the powers enumerated in Code of Virginia §§ 64.1-57(b) and (b1), namely, the power to sell assets to raise the funds needed. This grant of authority is conditioned on the Executor increasing the amount of his bond to cover the value of the Estate's real estate.

Virginia case law sets forth the priority by which gifts under the will should abate to provide for costs of administration and claims against the Estate. *See* Harrison, *Wills and Administration*, 467, footnote 43 (3d ed. 1990). *See Elliott v. Carter*, 50 Va. (9 Gratt.) 541 (1853); *Crouch v. Davis*, 64 Va. (23 Gratt.) 62 (1873), *appeal dismissed*, 94 U.S. 514, 24 L. Ed. 281 (1876); *Murphy v. Carter*, 64 Va. (23 Gratt.) 477 (1873); *Cockerville v. Dale*, 74 Va. (33 Gratt.) 45 (1880); *Edmunds v. Scott*, 78 Va. 720 (1884); *Allen v. Patton*, 83 Va. 255, 2 S.E. 143 (1887); *New v. Bass*, 92 Va. 383, 23 S.E. 747 (1895); *Todd v. McFall*, 96 Va. 754, 32 S.E. 472 (1899); *Frasier v. Littleton*, 100 Va. 9, 40 S.E. 108 (1901); *Johnson v. Black*, 103 Va. 477, 49 S.E. 633 (1905); *French v. Vradenburg*, 105 Va. 16, 52 S.E. 695 (1906); *Marcy v. Graham*, 142 Va. 285, 128 S.E. 550 (1925); *Neblett v. Smith*, 142 Va. 840, 128 S.E. 247 (1925); *Davis v. Davis*, 138 Va. 682, 123 S.E. 538 (1924).

The first gift to abate would be the residuary bequest made under Article 7 of the Will. The second gift to abate would be the gifts of furniture and household goods made under Article 5 and the general bequest of farm

equipment made under Article 6. These would abate ratably. The third gift to abate would be the specific gifts of tangibles, the "A" tractor, the hay rake, and the hay baler, made under Article 6 of the Will. The final class of gifts to abate would be the specifically devised real estate found in Article 2 and Article 3 of the Will. These would also abate ratably.