# Richmond.

BLAKEMORE V. WISE.

NOVEMBER 18, 1897.

1. MARSHALLING ASSETS—*When not Invoked—Double Security—Common
Debtor.*—The equity of marshalling securities is not invoked
against the doubly secured creditor, but against the common debtor,
and cannot be invoked against the common debtor where it would
trench upon the rights, or operate to the prejudice, of the doubly
secured creditor.

2. LIENS—*Successive Judgments—Alienations by Debtor—Release.*—Where
there have been successive judgments against a common debtor,
who has aliened a part of his lands after the first judgment, but
before the other judgments were recovered, the first judgment
creditor is entitled to priority of satisfaction out of the land still
held by the judgment debtor, although he released his lien on the
land so aliened after the recovery of the other judgments.

3. JUDGMENTS—*Purchase-Money Notes for Land—Alienations—Order of
Liability—Marshalling—Junior Judgments.*—A judgment creditor has
a legal lien on the lands of his debtor, and has a right to rest on
that lien without pursuing his debtor's personal property. The
judgment is not a lien on notes given by a purchaser for unpaid
purchase money for the land on which the judgment is a lien, nor
do such notes, together with unaliened lands of the judgment deb-
tor, constitute a common fund for the payment of the judgment.
If the judgment debtor retains sufficient lands to pay the judgment
they should be first subjected. The lands aliened by the debtor
constitute a secondary fund for the payment of the judgment, and
neither a release of these lands, nor the failure to subject said
notes is prejudicial to subsequent judgment creditors who obtained
their judgments after the alienation, but before the release by
the first judgment creditor.

Argued at Staunton.    Decided at Richmond.

Appeal from a decree of the Circuit Court of Rockingham

county pronounced April 21, 1897, in a suit in chancery wherein the appellee, J. W. Wise, suing on behalf of himself and others, was the complainant, and J. W. Davies and others were the defendants.

*Reversed in part.*

This was a suit in chancery instituted by the appellee, J. W. Wise, suing on behalf of himself and other lien creditors of J. Walter Davies, to subject the real estate of the said Davies to the payment of liens thereon. Davies had been the owner of a tract of land containing 420¾ acres, upon which there was a deed of trust to secure the purchase money amounting to $6,000. The trustee and the beneficiaries in the deed of trust to secure the purchase money released to him in September, 1893, one tract containing 112 acres and 28 poles, which he still owned at the time of the institution of the suit.

On September 1, 1890, Davies sold and conveyed to L. P. Coyner a tract of 19 and a fraction acres, and on October 1, 1891, he sold and conveyed to Robert Skinner 66 acres, 2 roods and 33 poles. Coyner's deed was admitted to record September 14, 1893, and Skinner's March 19, 1894. This left of the original tract 222 acres, 2 roods, and 7 poles subject to the lien of the deed of trust first mentioned. On May 25, 1894, the trustees and creditors secured in the first mentioned deed released to Coyner and Skinner, respectively, the lands sold and conveyed to them as above mentioned. By deed dated and recorded September 10, 1894, Skinner and wife conveyed the land purchased as above mentioned by Skinner to a trustee to secure a bond executed by Skinner for $2,080. In this last mentioned deed H. C. Blakemore, the appellant, united. At the time of the institution of this suit Davies was in possession of the tract of 222 acres, 2 roods, and 7 poles, which was subject to the lien of the deed of trust for the unpaid purchase money, and also of the tract of 112 acres and 28 poles, which

was subject to the lien of the judgments against him. In addition to these two tracts, the appellees insist that, as the appellant's judgment was docketed prior to the recordation of the deed to Skinner, it constituted a lien on the tract of 66 acres 2 roods, and 13 poles which had been conveyed to Skinner, and that, having released the Skinner land from the lien of his judgment, the value of that land should be credited on his judgment. The judgments against Davies, and their order of priority so far as need be stated, are set forth in the opinion of the court.

*Herring & Herring* and *Geo. G. Grattan*,. for the appellant.

*Sipe & Harris, Roller & Martz*, and *T. N. Haas*, for the appellees.

HARRISON, J., delivered the opinion of the court.

This controversy involves the right to priority between certain judgment lien creditors of J. Walter Davies. A number of sebsequent liens are audited, but, in considering the question presented it is only necessary to mention the following judgments:

(1). One confessed and docketed February 1, 1894, in favor of the appellant, Harris C. Blakemore.

(2). One confessed and docketed July 27, 1894, in favor of the appellee, J. A. Patterson.

(3). One confessed and docketed August 10, 1894, in favor of the appellee, J. W. Wise.

These judgments rest as liens upon the following real estate owned by the debtor Davies.

(1). A tract of 222 A. 2 R. 7 P. upon which there is a prior deed of trust securing unpaid purchase money supposed to amount to the value of the land.

(2). A tract of 112 A. 28 poles which is free of encumbrance prior to said judgments.

On October 1, 1891, the judgment debtor sold and conveyed 66 A. 2 R. 13 P. of land to one Robert Skinner, who failed to record his deed until March 19, 1894. It thus appears that the judgment in favor of the appellant Blakemore, dated February 1, 1894, attached as a lien to the Skinner land before his deed was recorded, while the judgments in favor of Patterson and Wise respectively were subsequent in time to the recordation of that deed, and bound only the two first named tracts still owned by Davies.

On September 10, 1894, Robert Skinner borrowed $2,080, and secured the same by deed of trust on the land bought by him from Davies. In this deed the appellant, Harris C. Blakemore, united, releasing the lien of his judgment as to the Skinner land.

It is contended that inasmuch as the appellant, Blakemore, held the first judgment lien upon the three tracts of land, and voluntarily released the same as to the Skinner tract, he had thereby limited his security to the prejudice of Patterson and Wise, and should therefore be postponed to them to the extent of the value of the property released. The Circuit Court took this view, and decreed accordingly, and it is from this decree that Blakemore has appealed.

To invoke the doctrine of marshalling securities both sources of payment must belong to the common debtor. The equity is not invoked against the doubly secured creditor, but against the common debtor, and cannot be invoked against the common debtor if that course would trench upon the rights, or operate to the prejudice, of the creditor entitled to the double fund. Adams Eq. (5 Am. Ed.), marg. p. 272; *Russell* v. *Randolph*, 26 Gratt. 717, 718.

In the case at bar both securities held by the appellant Blakemore did not belong to the common debtor, Davies. The judgment of appellant bound the lands owned by Davies, and also the land owned by Skinner. Davies had no property rights in the land he had sold and conveyed to Skinner. The purchase

money secured by vendor's lien was a mere chose in action, passing to whomsoever the bonds representing the deferred payments might be assigned. Appellant's judgment was not a lien on this chose in action, but it was an express statutory lien upon the land as a result of the failure of Skinner to record his deed before the judgment was docketed.

Patterson and Wise were not injured by Blakemore's releasing his lien on the Skinner land. They had no lien on that land, and were junior lienors on the Davies land. Their situation would be the same, if Blakemore had not made the release, for the primary security of Blakemore was the land still owned by Davies, and Skinner could have compelled him to exhaust that before resorting to his land, which was the ultimate security.

It is contended that the unpaid purchase money due from Skinner to Davies was a "common fund," and primarily liable to the payment of Blakemore's judgment; that when Blakemore released his lien on the Skinner land it was his duty to have had the unpaid purchase money due from Skinner applied to his judgment to the relief of Patterson and Wise, and that his failure to do this is ground in equity for postponing him to the junior judgment in favor of Patterson and Wise.

There is no evidence in the case showing what the amount of this unpaid purchase money was. The deed from Davies to Skinner recites that Skinner, on the 1st of October, 1891, executed his bonds for six annual deferred payments of $600 each, but what became of these bonds, how many of them were unpaid, or who held such, if any, as were unpaid on the 10th of September, 1894, when Blakemore released the lien of his judgment upon the Skinner land, does not appear.

Upon the facts disclosed by the record there was no obligation resting upon Blakemore to take any steps to make his judgment out of any unpaid purchase money due from Skinner to Davies. He had no lien on the purchase money in the hands of Skinner, no suit was pending in which he could ask to have

such a fund so applied, no execution had been issued on his judgment, and there was no lien, either legal or equitable, that he could enforce against the bonds representing said purchase money. The law gave Blakemore a lien on his debtor's land, and he had a right to rest upon that lien without pursuing his debtor's personal property. He was under no obligation in respect to the claims of Patterson and Wise. Their judgments were obtained before his lien was released as to the Skinner land. They had equal notice of the recorded deed showing that the vendor's lien was reserved to secure Skinner's purchase money, and their liens being less well secured, they were more interested, than Blakemore, in having that purchase money applied to the judgments against the common debtor.

Skinner had a right before any suit was brought, or execution issued, to pay his purchase money to Davies, and in this case he ran no risk in doing so, for the land still held by Davies was ample to satisfy the Blakemore judgment.

The court is of opinion that the appellant, Harris C. Blakemore, did not prejudice his rights by releasing the lien of his judgment as to the Skinner land; and is entitled to have said judgment satisfied from the proceeds of sale, as the first lien on the tract of 112 A. 28 poles of land owned by J. Walter Davies, and as the second lien on the tract of 222 A., 2 R., 27 P. owned by said Davies—the unpaid purchase money due from Davies first lien on the last named tract.

For these reasons the decree appealed from must be reversed and annulled, in so far as it is herein declared to be erroneous, and in other respects affirmed, and the cause remanded to the Circuit Court for further proceedings therein in accordance with the views expressed in this opinion.

*Reversed in part.*