# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## FRANK KIDWELL V. JAMES B. HENDERSON, ET ALS.

### May 24, 1928.

1. MORTGAGES AND DEEDS OF TRUST—*Equitable Mortgage—Contract to Convey Realty in Trust to Indemnify and Save Harmless Grantees by Reason of their Endorsement Held to Create an Equitable Lien—Case at Bar.*—In the instant case appellant contended that the lien of C. and K. on the property of defendant arose out of a judgment in their favor. This was a misapprehension of the law, as the contract between defendant and C. and K., defendant bound himself to convey the property in question to trustees in trust to indemnify and save harmless C. and K. by reason of certain endorsements set out in the contract, created an equitable lien in favor of C. and K.

2. MORTGAGES AND DEEDS OF TRUST—*Equitable Mortgage—Contract Intended to Create a Security.*—Whatever the form of the contract may be, if it is intended thereby to create a security, it is an equitable mortgage enforced upon the principle that equity will decree that as done which, by agreement, is agreed to be done.

3. JUDGMENTS AND DECREES—*Lien of Judgment—Decree in Suit to Subject Land to a Specific Lien—Decree Creates no Liability on Heirs or Personal Representatives—Case at Bar.*—In the instant case suits were brought to subject the lands of defendant to specific liens placed thereon by defendant or judgments recovered against him. Defendant died during the pendency of the suits which were revived against his heirs by order of publication without naming them, instead of his personal representative, in order to give a general judgment to complainants against any real estate that might in future come into the possession of the heirs. A judgment in favor of complainants in these suits for $16,609.62 with interest until paid by the heirs and next of kin and personal representative of the defendant to the extent of the property of the defendant passing to them by virtue of their being next of kin, or heirs or personal representatives, was in no way responsive to the pleadings and evidence in either suit, and, therefore, created no liability upon defendant's heirs or personal representative.

4. JUDGMENTS AND DECREES—*Lien of Judgment—Decree Against Specific Property—Lien Upon General Fund.*—A creditor who has a lien on a specific fund, and has obatined a decree against that, which proves

insufficient, does not thereby acquire any lien more than he had before upon the general fund.

5. EXECUTORS AND ADMINISTRATORS—*Liability of Heir or Devisee—Proceedings In Rem—Personal Liability of Heir or Devisee.*—Section 5398 of the Code of 1919 provides: "That an heir or devisee may be sued in equity by any creditor to whom a claim is due for which the estate descended or devised is liable," thus making the heir or devisee liable only in event it is alleged and proven that real estate of the decedent came into his possession. This is in the nature of a proceeding *in rem,* and there is no personal liability upon the heir or devisee unless real estate of decedent has come into his possession and then only to the extent of its value.

6. EXECUTORS AND ADMINISTRATORS—*Judgment Against Personal Representative—Lien of Judgment on Decedent's Real Estate.*—A creditor can at law recover judgment against the personal representative, payable out of the personal estate that comes into his hands to be administered, but this would not be a lien on the decedent's real estate, but only evidence of the debt in a proceeding in equity against the heir or devisee. Furthermore section 5400, chapter 220, Code of 1919, provides: "This chapter shall not affect any lien, by judgment or otherwise, acquired in the lifetime of the decedent."

7. VENDOR AND PURCHASER—*Lien for Balance of Purchase Price—Lien of Judgment for Balance of Purchase Price—Priority.*—While the balance of the purchase price has priority over a purchaser for value with notice, a judgment for the balance of purchase money for a tract of land has no priority over liens by judgment or otherwise, prior in time and duly recorded.

8. JUDGMENTS AND DECREES—*Lien of Judgment—Judgment for Balance of Purchase Price.*—A judgment constitutes a general lien upon all the debtor's real estate. The character of the cause of action does not affect the nature of the lien and, therefore, a judgment for purchase money has no lien superior to that of a judgment for any other debt or liability; nor has the court which renders judgment, or the court which is called on to enforce its lien, any authority to change its nature or to restrain or extend its effect upon any particular estate.

9. MORTGAGES AND DEEDS OF TRUST—*Priority of Liens—Recording—Marshalling Assets—Case at Bar.*—In the instant case a lien of C. and K. upon the Virginia Highlands property of defendant was established by agreement of the 30th day of November, 1923, with the burden upon them to prove the amount thereof and was prior in time and right to the lien in favor of T. on the same property. But by the failure of C. and K. to record their agreement until March 6, 1924, as required by section 5794 of the Code of 1919, their lien became void as to the lien of T. which was recorded on February 20, 1924. However, both the Virginia Highlands property of defendant and the Chain Bridge property of defendant were conveyed by de-

fendant to secure T. after November 30, 1923, and the amount for which both properties sold being insufficient to pay both liens, a court of equity will apply the proceeds of the Chain Bridge property to the satisfaction of the T. trust as far as it will go, before applying thereto any part of the Virginia Highlands funds, unless the rights of T. are prejudiced thereby.

10.  MARSHALLING ASSETS—*Statement of Rule.*—If one party has a lien or interest in two funds for his debt, and another has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties; provided always, this course does not trench upon the rights or operate to the prejudice of the creditor entitled to the double fund.

11.  MARSHALLING ASSETS—*One Creditor Having a Lien on Two Funds and Another on One of Debtor—Substitution of Creditor Having Lien on Single Fund to the Rights of the Paramount Creditor.*—Where one party has a lien or interest in two funds for a debt, and another has a lien or interest in one only of the funds for another debt, the equity of the creditor having but one fund, is not against the double creditor, but only against the common debtor; that the accidental resort of the paramount creditor to the double fund shall not enable the debtor to get back the second fund discharged of both debts, when, therefore, the paramount creditor is satisfied out of the doubly charged fund, the other creditor has a right of substitution to all his rights against the remaining fund.

12.  MARSHALLING ASSETS—*Lien Upon Separate and Distinct Properties— Case at Bar.*—In the instant case the appellees not being doubly secured upon funds belonging to the common debtor, but they and the appellant each having a lien upon separate and distinct properties; the appellant has no equity that warrants the application of doctrine of marshalling securities.

Appeal from a decree of the Circuit Court of Arlington ·county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Ball & Douglas* and *David Wiener*, for the appellant.

*Gardner L. Boothe* and *Albert V. Bryan*, for the appel-·
lees.

CHRISTIAN, J., delivered the opinion of the court.

This is an appeal from a decree entered on February
27, 1927, by the Circuit Court of Arlington county, in
the case of *Frank Kidwell* v. *James B. Henderson, et als.*,
which had been consolidated with the cases of *Thomas
T. Dodd* v. *James B. Henderson, et als.* and *James B.
Henderson* v. *Henderson Manufacturing Company, In-
corporated.*

The facts necessary for a proper consideration of the·
issue before this court are as follows:

On June 14, 1923, Estelle M. Ohrman held the legal
title to a certain tract of land in Arlington county, con-
taining 2,873 acres, and referred to as the Chain Bridge·
property in this record.    There were two liens on this
property.    One in favor of Marie L. Gebhardt for·
$15,000.00, the balance, however, of which on the 14th
day of June, 1923, was $8,000.00, and the other for the·
sum of $2,250.00 due to William Mink.

On the 15th day of July, 1923, Kidwell and Ohrman
entered into a contract in writing whereby Ohrman was.
to convey the property to James B. Henderson; and
Henderson was to give a deed·of trust upon the same·
for $9,000.00, out of which sum the Gebhardt debt was.
to be paid.    Kidwell, who claimed to be the beneficial
owner of the same, was to pay off the Mink lien and
Henderson was to execute to Kidwell a note for $6,-·
306.43, the balance of purchase money to be secured
by deed of trust as a second lien.    Ohrman executed
the deed to Henderson, who executed a deed of trust

to secure his note for $9,000.00, payable to John H. Nelson, which became the first lien upon the property, but he never executed the note for $6,306.43 to Kidwell, nor secured payment to him.

On June 14, 1923, Henderson was the owner of another tract of land in Arlington county, containing 1.7561 acres, and hereinafter referred to as the Virginia Highlands property.

On February 20, 1924, James B. Henderson executed to Harry R. Thomas, trustee, a deed of trust to secure a note for $4,250.00 with interest at six per cent per annum payable to Elisha P. Taylor six months after date. Both pieces of property were conveyed to secure payment of said Taylor note; and thereupon became a first lien upon the Virginia Highlands property and a second lien upon the Chain Bridge property subject to the deed of trust of $9,000.00.

On the 6th day of March, 1924, a certain agreement dated November 30, 1923, between James B. Henderson, Bruce E. Clark and Sidney E. Kent, in their own right, and Ivan Heideman and Chas. Linkins, trustees, was recorded in the deed books of the Circuit Court of Arlington county. This agreement recites the fact that Bruce E. Clark and Sidney E. Kent are endorsers upon certain notes and in order to secure them, Henderson agreed to execute a deed of trust upon the Virginia Highlands property to indemnify and save them harmless against loss by reason of said endorsement.

On December 11, 1924, Frank Kidwell filed a *lis pendens* and suit to set aside all conveyances and deeds of trust as fraudulent and void, affecting the title to the Chain Bridge property which were subsequent to the $9,000.00 secured by the first deed of trust above mentioned, and praying the court for judgment for the balance of the purchase price due him, and that the same

might be declared a lien against the Chain Bridge property. Subsequent thereto an agreement was entered into by the terms of which James B. Henderson confessed judgment in this suit in favor of the plaintiff, Frank Kidwell, in the sum of $6,306.42, the same to be a lien upon the Chain Bridge property only. But no evidence was taken to prove that the deed of trust to secure Elisha P. Taylor $4,250.00 was fraudulent and void.

On December 24, 1924, Thomas T. Dodd filed a bill in chancery claiming that the deeds of trust securing John H. Nelson and Elisha P. Taylor, and the agreement to secure Bruce E. Clark and Sidney E. Kent by reason of their endorsement of certain notes set forth in said agreement, were all fraudulent and void as to said Dodd's claim asserted in said suit. There were several conveyances made of the two properties herein involved subsequent to the recordation of the deeds of trust and agreement above mentioned and fully set out in the bill, but as they in no way affect the liens or their priorities in this appeal, no further mention need be made of the same.

Clark and Kent filed a demurrer, answer and cross bill to the bill of the complainant, Dodd. Considerable testimony was taken and filed in the record by Clark and Kent in support of their answer and cross bill.

All of said causes were consolidated, and by consent of parties by their attorneys these causes were referred to commissioner William C. Gloth to report all the liens against said properties with their order of priority or priorities. And the parties were accorded the right to use the testimony theretofore taken in any of the causes before the commissioner.

Commissioner Gloth made and filed his report fixing

the liens on both of said properties and their priorities, as follows:

(These liens will more than consume all the proceeds of sale so the subsequent liens need not be mentioned.)

"On the Chain Bridge property:

"1st.  Taxes............................

"2nd. First trust to Jno. H. Nelson.......$ 9,000.00

"3rd. Second trust to Elisha P. Taylor....   4,250.00

"4th. Judgment in favor of Frank Kidwell.   6,306.43

"On the Virginia Highlands property:

"1st.  Taxes............................

"2nd. First trust in favor of Elisha P. Taylor   4,250.00

"3rd. Second trust in favor of Bruce E.
       Clark and Sidney E. Kent........$16,602.23."

Thomas F. Dodd, whose lien was reported subsequent to the above, filed exceptions to Commissioner Gloth's report, and it appearing that Henderson had died, the causes were revived against his next of kin and heirs at law by order of publication. Thereupon the cases coming on to be heard on the record: The court overruled the exceptions to said report and confirmed the same. The court then decreed the sale of the properties and appointed commissioners to make sale thereof. After providing for the sale in this decree the court then adjudged, ordered and decreed that Bruce E. Clark, Sidney E. Kent and Ivan Heideman and Charles Linkus, trustees, do recover the sum of $16,609.62 with interest thereon from the 30th day of April, 1926, until paid, of the heirs and next of kin and personal representative of said James B. Henderson to the extent of the estate and property of the said James B. Henderson passing to them by virtue of their being next of kin or heirs, and personal representatives, but this decree for said specified sum shall

not affect the lien of said cross-complainants, reported by the commissioner, and shall be credited with such sum as may be recovered by virtue of said lien.

The commissioners appointed to make sale of the two properties in suit reported the sales to the court and there being no exceptions to said report said sales were confirmed, and the bonded commissioner was ordered to collect the cash payments and otherwise carry out the decree of sale according to the terms thereof.

Thereupon, on the 28th day of February, 1927, Frank Kidwell, by his attorneys, moved the court to marshal the assets in said suits and require the deed of trust held by Elisha P. Taylor in the sum of $4,250.00 and interest be first charged against the proceeds from the sale of the real estate known as the Virginia Highlands property, and secondly against the Chain Bridge property. This motion was denied by the court, and Kidwell has appealed.

In his petition for an appeal Kidwell has set up the judgment aforesaid in favor of Clark and others for $16,609.62 as the fifth lien upon the Chain Bridge property, and the third lien on the Virginia Highlands property, and states his right to have the assets marshalled as follows:

"It will thus appear that the lien of Elisha P. Taylor for $4,250.00 was a first trust on the Virginia Highlands property and a second trust on the Chain Bridge property; that the judgment in favor of Frank Kidwell was a lien on the Chain Bridge property only; and that the judgment in favor of Bruce E. Clark and Sidney E. Kent was binding on both properties and was expressly subject to the Taylor trust of $4,250.00 as set out and established by the commissioner's report so far as the Virginia Highlands property was concerned."

[1] The position of the appellant that the lien of
Clark and others arose out of the judgment in their
favor is a misapprehension of the law. The contract
between James B. Henderson, Bruce E. Clark and
Sidney E. Kent dated November 30, 1923, whereby
Henderson bound himself to convey the Virginia High-
lands property to Heideman and Linkins, trustees, in
trust to indemnify and save harmless Clark and Kent
by reason of certain endorsements set out in said con-
tract, created an equitable lien in favor of said Clark
and Kent.

[2] "Whatever the form of the contract may be, if it
is intended thereby to create a security, it is an equit-
able mortgage enforced upon the principle that equity
will decree that as done which, by agreement, is
agreed to be done." *Dulaney* v. *Willis*, 95 Va. 608, 29
S. E. 324, 64 Am. St. Rep. 815; *Malarkey* v. *Ballard*,
137 Va. 631, 120 S. E. 245.

The commissioner's account based said lien upon the
agreement aforesaid, fixed priority according to the
date of its recordation, and ascertained the amount
due thereby to Clark and Kent to be $16,609,62 with
interest from the 30th of April, 1926. This account
was duly filed—and there being no exceptions to this
finding the same was confirmed. Thus the lien of
Clark and Kent, its amount and priority was fixed by
the decree confirming the commissioner's report.

[3, 4] The judgment ordered in favor of Clark and
Kent in the same decree is not a lien upon either tract
of land involved in these suits, nor any other land
owned by Henderson. These suits were brought to
subject the lands to specific liens placed thereon by
Henderson or judgments recovered against him; and
when he died during the pendency thereof were revived
against his heirs by order of publication without

naming them, instead of his personal representative, in order, as admitted by counsel for the appellees and as appears upon the face of the decree, to give a general judgment to Clark and Kent against any real estate that might in future come into the possession of said heirs. This judgment is in no way responsive to the pleadings and evidence in either case, therefore creates no liability upon his heirs or personal representative. A creditor who has a lien on a specific fund, and has obtained a decree against that, which proves insufficient, does not thereby acquire any lien more than he had before upon the general fund. *Anderson* v. *Anderson, et al.,* 1 H. & M. (11 Va.) 12.

[5, 6] While the statute makes real estate assets for the payment of the decedent's debts, section 5398 Virginia Code provides: "That an heir or devisee may be sued in equity by any creditor to whom a claim is due for which the estate descended or devised is liable," thus making the heir or devisee liable only in event it is alleged and proven that real estate of the decedent came into his possession. This is in the nature of a proceeding *in rem,* and there is no personal liability upon the heir or devisee unless real estate has come into his possession and then only to the extent of its value. A creditor can at law recover judgment against the personal representative payable out of the personal estate, that comes into his hands to be administered, but this would not be a lien on the decedent's real estate, but only evidence of the debt in a proceeding in equity against the heir or devisee.

In the instant case it does not appear that the personal representative of Henderson has ever been made a party to these suits.

Furthermore section 5400, chapter 220, Virginia Code, provides: "This chapter shall not affect any lien, by

judgment or otherwise, acquired in the lifetime of the decedent.''

[7, 8] The appellant insists that his lien against the Chain Bridge property was for the balance of the purchase price thereon, which is always entitled to the highest priority. While the balance of the purchase price has priority over a purchaser for value with notice, a judgment for the balance of purchase money for a tract of land has no priority over liens by judgment or otherwise, prior in time and duly recorded. A judgment constitutes a general lien upon all the debtor's real estate. The character of the cause of action does not affect the nature of the lien and therefore a judgment for purchase money has no lien superior to that of a judgment for any other debt or liability; nor has the court which renders judgment, or the court which is called on to enforce its lien, any authority to change its nature or to restrain or extend its effect upon any particular estate. Freeman on Judgments, section 342.

[9] The lien of Clark and Kent upon the Virginia Highlands property was established by the agreement of the 30th day of November, 1923, with the burden upon them to prove the amount thereof, and was prior in time and right to the lien in favor of Elisha P. Taylor on said property for $4,250.00, but by their failure to record their agreement until March 6, 1924, as required by section 5794 Virginia Code, became void as to the Taylor lien which was recorded on February 20, 1924. However, the Chain Bridge property and Virginia Highlands property were both conveyed by Henderson to secure Taylor after November 30, 1923, and the amount for which both properties sold being insufficient to pay both liens, a court of equity will apply the proceeds of the Chain Bridge property to the satisfaction of the Taylor trust as far

as it will go, before applying thereto any part of the Virginia Highlands' funds, unless the rights of Taylor are prejudiced thereby. *Conrad* v. *Harrison*, 3 Leigh (30 Va.) 532.

[10, 11] "This is a familiar doctrine of the equity courts; the rule being that if one party has a lien or interest in two funds for his debt, and another has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties; provided always this course does not trench upon the rights or operate to the prejudice of the creditor entitled to the double fund. In such cases, the equity of the creditor having but one fund, is not *against the double creditor, but only against the common debtor;* that the accidental resort of the paramount creditor to the double fund shall not enable the debtor to get back the second fund discharged of both debts, when, therefore, the paramount creditor is satisfied out of the doubly charged fund, the other creditor has a right of substitution to all his rights against the remaining fund." *Russell* v. *Randolph, et al.,* 26 Gratt. (67 Va.) 717, 718; *Blackmore* v. *Wise,* 95 Va. 269–272, 28 S. E. 332, 64 Am. St. Rep. 781.

[12] The appellees, Clark and Kent, not being doubly secured upon funds belonging to the common debtor, but they and the appellant each having a lien upon separate and distinct properties, the appellant has no equity that warrants the application of the doctrine of marshalling securities, therefore, the learned chancellor was right in overruling his motion, and the decree is affirmed.

*Decree affirmed.*